IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA J. NEILSEN, | ) | CASE NO. 5:13 CV 2498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.  Nature of the case and proceedings**

Before me[1] is an action by Debra J. Neilsen under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 18. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## B.  Decision of the Administrative Law Judge ("ALJ")

The ALJ, whose decision became the final decision of the Commissioner, found that Neilsen had the following severe impairments: obesity, scoliosis, degenerative disc disease and joint disease of the lumbar spine, status-post spinal fusion.[11]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Neilsen's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can stand and/or walk, with normal breaks, for up to four hours in an eight hour workday and may sit, with normal breaks, for up to six hours in an eight hour workday; the claimant may occasionally balance, stoop, kneel, crawl, climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the claimant must avoid all exposure to workplace hazards, including hazardous machinery, unprotected heights and commercial driving.[12]

---

[6] ECF # 17.

[7] ECF # 21 (Neilsen's brief); ECF # 24 (Commissioner's brief); ECF # 25 (Neilsen's reply brief).

[8] ECF # 21-2 (Neilsen's charts); ECF # 24-1 (Commissioner's charts).

[9] ECF # 21-1 (Neilsen's fact sheet).

[10] ECF # 27.

[11] Transcript ("Tr.") at 21.

[12] *Id.* at 23.

Based on that residual functional capacity, the ALJ found Neilsen capable of her past relevant work as a collections clerk and, therefore, not under a disability.[13]

## C. Issues on judicial review and decision

Neilsen asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Neilsen's challenge presents the following issues for judicial review:

- The ALJ did not include any limitations in the RFC on gross or fine manipulation. Does substantial evidence support the exclusion of such limitations from the RFC?

- The ALJ did not include any limitations in the RFC on concentration, persistence, or pace. Does substantial evidence support the exclusion of such limitations from the RFC?

- The ALJ's hypothetical to the vocational expert ("VE") failed to include any limitations on gross or fine manipulation and any limitations on concentration, persistence, or pace. Did the absence of such limitations from the RFC make the hypothetical posed to the VE defective and preclude the ALJ's reliance on it for substantial evidence in support of the step four finding of ability to perform past relevant work?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[13] *Id.*

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[14]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[15] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[16]

---

[14] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[15] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Credibility*

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[17]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[18] A court may not disturb the ALJ's credibility determination absent compelling reason.[19]

---

[17] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[18] *Buxton*, 246 F.3d at 773.

[19] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

**B.  Application of standards**

The ALJ found that Neilsen had the capacity for light work with certain additional postural and environmental limitations.[20] The VE testified that Neilsen's past relevant work as a collections clerk was semi-skilled and performed at a sedentary exertional level. The VE testified that Neilsen's then current RFC did not preclude her from performing this work.

As to the limitations on fine and gross manipulation, Neilsen maintains that her argument depends upon a functional capacity evaluation performed by an occupational therapist, Tim Verdouw. Interestingly, Verdouw performed manipulation tests, which showed some pain-limitation functioning but reported performance as appropriate.[21] He concluded, however, that Neilsen has "low finger and hand dexterity."[22] Otherwise, Neilsen gave no testimony at the hearing about manipulation problems, and there is no other reference to such problems in the medical records.

The ALJ acknowledged Verdouw's opinion and gave it some weight but concluded that Neilsen's functional abilities were "somewhat less restrictive than suggested by ... the opinion."[23]

The ALJ's conclusion that Verdouw's opinion should receive some weight but does not control for purposes of the limitations on manipulation is justified because the

---

[20] Tr. at 23.

[21] *Id.* at 434-35.

[22] *Id.* at 439.

[23] *Id.* at 26.

manipulation testing done rendered ambiguous results; Neilsen did not complain about manipulation problems at the hearing; and the medical records contain no references otherwise to manipulation problems.

The purported limitation on concentration, persistence, and pace, as Neilsen's counsel acknowledged at the argument, comes out of her testimony at the hearing. Neilsen testified that she had difficulty doing her job as a collections clerk because her pain kept her from concentrating, resulting in mistakes.[24] She had no treatment for mental impairments, and the record contains no references to such problems except for her hearing testimony. In response to a question from Neilsen's attorney at the hearing, the VE testified that difficulty concentrating or focusing on the details of the job would make it impossible for her to do her past relevant work.[25]

The ALJ found Neilsen credible to the extent that her alleged symptoms, the persistence thereof, and limiting effects were consistent with the RFC finding.[26] He discussed her use of pain medication, the lack of side effects therefrom, relief from non-medicinal palliatives, daily activities, and inconsistencies in her statements.[27] On this record, there exists no compelling reason to disturb the ALJ's credibility finding.

---

[24] *Id.* at 46-47.

[25] *Id.* at 55-56.

[26] *Id.* at 24.

[27] *Id.*

In the reply brief, Neilsen's attorney raises the need for elevation of the legs during the workday as necessitating further limitations in the RFC. As he admitted at the argument, however, this additional limitation was not included in the original briefing. It cannot be considered based upon a first reference in the reply brief.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Neilsen had no disability. The denial of Neilsen's applications is affirmed.

IT IS SO ORDERED.

Dated: February 24, 2015                                s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge